IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Richard Henderson and Amy Henderson, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. |
| Weltman, Weinberg & Reis Co., L.P.A., an Ohio corporation, | )<br>) 1:12-cv-0212 TWP-DML<br>) |
| Defendant. | ) Jury Demanded |

## COMPLAINT

Plaintiffs, Richard Henderson and Amy Henderson, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, etseq. ("FDCPA"), for a finding that Defendant's debt collection letter violates the FDCPA, and to recover damages for this violation, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiffs reside here; and, c) Defendant resides and transacts business here.

### PARTIES

3. Plaintiffs, Richard Henderson and Amy Henderson (the "Henderson"), are citizens of the State of Indiana, residing in the Southern District of Indiana, from whom

the Defendant attempted to collect a delinquent consumer debt allegedly owed to PNC Bank/National City Bank.

4. Defendant, Weltman, Weinberg & Reis Co., L.P.A. ("Weltman"), is an Ohio limited professional association, and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Weltman operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant Weltman was acting as a debt collector as to the delinquent consumer debt it attempted to collect from the Hendersons.

## FACTUAL ALLEGATIONS

5. Defendant Weltman sent the Hendersons an initial form collection letter, dated September 12, 2011, demanding payment of a delinquent consumer debt owed to PNC Bank/National City Bank. This letter stated, in pertinent part:

\* \* \*

> It is imperative that you contact me immediately and make arrangements for payment on my client's mortgage. Failure to receive an affirmative response from you will leave my client with no other alternative than to any and all legal and/or equitable relief allowed to recover payment upon their duly filed mortgage. I look forward to hearing from you.

\* \* \*

A copy of this letter is attached as Exhibit A.

6. All of Defendant Weltman's collection actions at issue in this matter occurred within one year of the date of this Complaint.

7.      Defendant Weltman's collection communications are to be interpreted under the "unsophisticated consumer" standard. <u>See</u>, <u>Gammon v. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

## Violation Of § 1692g – Overshadowing And/Or Ineffectively Conveying The 30-Day Validation Notice

8.      Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, the Defendant provide the consumer with an effective validation notice, <u>i.e.</u>, notice that the consumer has 30 days after receipt of the notice to challenge the validity of the debt, or any portion of the debt, and seek verification of it. Moreover, § 1692g(b) further prohibits any collection activity and/or communication during the 30-day period which overshadows, or is inconsistent with, the disclosure of the consumer's right to dispute the debt, <u>see</u>, 15 U.S.C. § 1692(b).

9.      Here, although Defendant Weltman's initial collection letter (Exhibit <u>A</u>) contains the notice required by § 1692g of the FDCPA, that notice was not effectively conveyed or was rendered ineffective by other language in that letter. Specifically, the demand that the Hendersons "contact me immediately and make arrangements for payment", coupled with the threat of "any and all legal and/or equitable relief allowed to recover payment", would confuse anyone, let alone the unsophisticated consumer, as to what their validation rights were, by creating false sense of urgency. Defendant Weltman's form collection letter thus violates § 1692g of the FDCPA. <u>See</u>, <u>Avila v. Rubin</u>, 84 F.3d 222, 226 (7th Cir. 1996); <u>Bartlett v. Heibl</u>, 128 F.3d 497, 501 (7th Cir. 1997); <u>Chauncey v. JDR Recovery Corporation</u>, 118 F.3d 516, 519 (7th Cir. 1997); <u>see also</u>, § 1692g(b).

10. Defendant Weltman's violation of § 1692g of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiffs, Richard Henderson and Amy Henderson, pray that this Court:

1. Find that Defendant Weltman's form collection letter violates the FDCPA;

2. Enter judgment in favor of Plaintiffs, and against Defendant Weltman, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiffs, Richard Henderson and Amy Henderson, demand trial by jury.

Richard Henderson and Amy Henderson,

By: _____
One of Plaintiffs' Attorneys

Dated: February 17, 2012

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps& Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Steven J. Halbert (Ind. Bar No. 14254-02)
11805 N. Pennsylvania Street
AmeriCenters Building
Carmel, Indiana 46032
(317) 706-6762
(317) 706 6763 (FAX)
shalbertlaw@aol.com